IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JASSON SASSER, PAUL GRAZIANI and LEE HUTSON, on behalf of themselves and all other similarly situated | | PLAINTIFFS |
| v. | 5:96-CV-00466-WRW | |
| ARKANSAS HIGHWAY AND TRANSPORTATION DEPT.; CITY OF NORTH LITTLE ROCK; CITY OF JONESBORO; CITY OF HOPE; CITY OF ROGERS; CITY OF FAYETTEVILLE; CITY OF TEXARKANA; CITY OF NEWPORT; and CITY OF BATESVILLE, on behalf of themselves and all other similarly situated cities in Arkansas | | DEFENDANTS |

## ORDER

Pending is Plaintiffs' Motion for Summary Judgment (Doc. No. 71) and Motion to Reopen Case (Doc. No. 76). Separate Defendant, the Arkansas Highway and Transportation Department ("the Highway Department"), responded to the summary judgment motion,[1] but did not respond to the Motion to Reopen Case.

**I.    BACKGROUND**

This is a case brought under Title II of the Americans with Disabilities Act ("ADA").[2] Plaintiffs argue that the Highway Department has a duty to monitor curb cut installations by cities in general and by the City of Arkadelphia in particular. According to Plaintiffs, the Highway Department provides federal funds to cities for the purpose of creating handicap

---

[1] Doc. No. 84.

[2] 42 U.S.C. § 12132, *et seq.*

1

accessible sidewalks. Therefore, Plaintiffs argue, the Highway Department is obligated to make sure that these funds are used appropriately by the cities, in compliance with federal standards.

The Highway Department counters that Plaintiffs' new allegations are not appropriate for summary judgment because they are outside the scope of the original class action complaint, and Plaintiffs have no private right of action for violations of the Surface Transportation Program.[3]

## II.  AUTHORITY

Federal Rule of Civil Procedure 56(c) provides that summary judgment will be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, and affidavits, if any, show that the moving party is entitled to a judgment as a matter of law. Based on this, summary judgment is entered only after the parties are given adequate time for discovery.[4]

The Supreme Court has mandated a liberal pleading standard for civil complaints.[5] This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage. The Supreme Court explained that the simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of meritless claims.[6]

However, at the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a). Even though the pleading requirements under the Federal Rules are relatively permissive, they

---

[3]23 U.S.C. § 133.

[4]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[5]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

[6]*Id.*

do not give parties the right to raise claims, which have not been pled, in a motion for summary judgment.[7]

## III. DISCUSSION

This action was brought against the Highway Department to remedy the lack of handicap accessible sidewalks along intersections and highways controlled or owned by the state.

On March 3, 1999, Plaintiffs and Defendant entered into an Agreed Order,[8] which reflected a resolution of the original claim. The order pertained to side walks and public facilities under the direct control and ownership of the Highway Department. The Order does not mention city sidewalks.

It appears to me that Plaintiffs are, now, adding a new claim by filing this summary judgment motion. If Plaintiffs claim that the Highway Department has a duty to enforce compliance with ADA standards at the local level, they must file a motion to amend under Rule 15 of the Federal Rules of Civil Procedure. This motion must set out the basis for this alleged duty, and they must explain how this new claim, involving city owned sidewalks, relates back their original claims against the Highway Department.

---

[7] *Northern States Power Co. v. Federal Transit Administration*, 358 F.3d 1050, 1057 (8th Cir. 2004); see also *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (at summary judgment stage, proper procedure is to amend complaint); *Gilmour v. Gates, McDonal and Co.*, 382 F.3d 1312 (11th Cir. 2004) (holding that a plaintiff may not amend a complaint in a brief opposing summary judgment); *Allen v. West Point-Pepperell, Inc.*, 908 F. Supp. 1209, 1224 (S.D.N.Y. 1995) ( holding that a motion for summary judgment is not the appropriate place to present new claims which effectively amend the complaint.).

[8] Doc. No. 63.

## CONCLUSION

Accordingly, Plaintiffs' Motion for Summary Judgment (Doc. No. 73) is DENIED; Plaintiffs' Motion to Reopen this Case (Doc. No. 76) is GRANTED. A Motion to Amend and an attached Amended Complaint must be filed no later than 5:00 p.m. on Friday, December 21, 2007.

IT IS SO ORDERED this 10th day of December 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE